[Civ. No. 1190.   Third Appellate District.—September 30, 1913.]

## MARY A. THOMAS, Respondent, v. FRANK V. THOMAS, Appellant.

APPEAL—JURISDICTION OF CASE INVOLVING REAL ESTATE.—The district
    court of appeal has no jurisdiction of an appeal in a case involving
    the title or possession of real estate; and if such an appeal is at-
    tempted, that court has no power to dismiss it, but will transfer it
    with the motion to dismiss to the supreme court, which has juris-
    diction of such appeals.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order refusing a new trial.
F. T. Nilon, Judge presiding.

    The facts are stated in the opinion of the court.

    James Snell, for Appellant.

    J. M. Walling, and Fred Searls, for Respondent.

    HART, J.—The defendant has taken an appeal to this court
from a judgment entered against him in the above-entitled

cause, and from an order denying his motion for a new trial therein.

There is no transcript on file, and the plaintiff has noticed a motion to dismiss the appeal on the ground that the defendant has failed to "serve or file a transcript of the record of said cause on appeal as required by rule 5 of the supreme court." [160 Cal. xlvi, 119 Pac. x.] The plaintiff has also submitted a motion to this court that the appeal, together with the motion to dismiss the same, be transferred to the supreme court on the ground that this court has not appellate jurisdiction of the cause and cannot, therefore, legally pass upon and dispose of the motion to dismiss the appeal.

The motion to transfer the case to the supreme court must be granted.

As stated, there is no transcript of the record on file here, but it is made to appear by a certified statement of the clerk of the court below that the action involves the question of the title and possession of real estate, and in such cases the appellate jurisdiction is in the supreme court. (Const., art. VI. sec. 4.) That section, among other things, provides that the supreme court shall have appellate jurisdiction on appeal from the superior courts "in all cases at law which involve the title or possession of real estate." This court cannot, therefore, acquire jurisdiction in such cases by direct appeal; nor, obviously, has this court the right or the power to dismiss an appeal of which it has no jurisdiction.

It is accordingly ordered that the appeal, together with the motion to dismiss the same, be transferred to the supreme court.

Chipman, P. J., and Burnett, J., concurred.